# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| **UNITED ENERGY DRILLING, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **HADAWAY CONSULTING &** | § | |
| **ENGINEERING LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE COURT:

Plaintiff, UNITED ENERGY DRILLING, INC. ("**United Drilling**") files this lawsuit complaining of and against Defendant HADAWAY CONSULTING & ENGINEERING LLC ("**Hadaway**"), and for cause of action would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff United Energy Drilling, Inc. is an Oklahoma corporation that maintains its principal place of business at 1818 W. Lindsey Street, Suite C-100, Norman, Oklahoma 73069.

2. Defendant Hadaway Consulting & Engineering LLC is a Texas limited liability company that maintains its principal place of business at 711 W. Birch Street, Canadian, Texas 79014. Defendant may be served at this address through its registered agent, Jonathan Frederick.

### II.   JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1332, the Court has jurisdiction over this matter as it involves a sum in excess of $75,000.00, exclusive of interest and costs. Furthermore, every issue of law and fact in this action is wholly between companies incorporated in different states.

4.      Venue is proper in this Court under 28 U.S.C. § 1391 as Roberts County is the county in which all or a substantial part of the cause of action arose.

### III.    FACTS

5.      Prior to January of 2023, Hadaway entered into an agreement with Seven Energy Investments, LLC ("**Seven Energy**"), in which Hadaway would act as the contract operator for the Hannah 207H well (the "**Well**").  On January 5, 2023, United Drilling entered into an IADC Drilling Bid Proposal and Daywork Drilling Contract (the "**Contract**") with Hadaway.  Pursuant to this Contract, United Drilling would provide oil and gas well drilling services and equipment to the Well.

6.      The Well is located at a surface location being 2,220' FSL and 360' FWL of Section 7, Block D, E.L. & R.R. Survey, Roberts County, Texas, and is permitted as a horizontal well traversing said Section 7 through Section 6, Block D, E.L. & R.R. Survey, and having a bottom hole location located 6,338' FNL and 672' FWL of Section 22, Block 46, H. & T.C. Survey, Roberts County, Texas.

7.      From February 1, 2023 to March 7, 2023, United Drilling provided the materials, labor, and equipment necessary to improve the Well.  Specifically, United Drilling incurred these costs by moving and assembling the drilling rig, drilling and cementing surface casing and drilling to a depth of 5,205 feet.  United Drilling also incurred other ancillary drilling and repair costs along with standby charges.

8.      After drilling to roughly 5,000 feet, Hadaway instructed United Drilling to halt operations.  Accordingly, United Drilling secured the well and the rig and put operations on hold. United Drilling was directed to have operations on hold for almost a whole month.  During this

time, United Drilling was unable to move the rig to another project because to do so would be a breach of the Contract.  It was not until March that Hadaway finally released United Drilling.

9. Based on information and belief, neither Seven Energy nor Hadaway ever had the funds to pay United Drilling for its work.  Further based upon information and belief, Hadaway knew or should have known that Seven Energy did not have the funds to pay United Drilling for its work, but Hadaway failed to communicate that to United Drilling and allowed United Drilling to continue to incur costs and expenses for which Seven Energy was unable to pay.  Hadaway claimed that it could not pay United Drilling because Seven Energy never paid them.  Despite sending five invoices, Hadaway still has not compensated United Drilling for any of the materials, time or equipment.  Currently, Hadaway owes United Drilling an amount of Five Hundred Sixty-Three Thousand Five Hundred Forty-Seven and 76/100 Dollars ($563,547.76), plus interest and collection expenses.  Furthermore, United Drilling suffered financial loss from not being able to move the rig to other jobs during the one-month period that Hadaway halted operations.

10. All conditions precedent to the filing of this suit and bringing the claims below have occurred.

## IV.    CAUSES OF ACTION

**Breach of Contract**

11. United Drilling reasserts the allegations contained in paragraphs 1 through 10 above as if restated herein.

12. United Drilling and Hadaway are parties to the IADC Drilling Bid Proposal and Daywork Drilling Contract, which is a valid and enforceable contract.  United Drilling fully performed all contractual obligations under the Contract and began drilling the Well.  Hadaway

breached the Contract by failing to compensate United Drilling for its work under the terms of the Contract.

13. As a result of Hadaway's breach of contract, United Drilling has sustained consequential damages. Not only has Hadaway failed to pay United Drilling for its work, but United Drilling suffered consequential damages when Hadaway failed to release United Drilling until nearly a month after it halted operations. During this time, United Drilling was presented with the opportunity for a three-well contract. Because United Drilling was bound by and ready to perform under the contract with Hadaway, United Drilling was unable to capitalize on this opportunity, yet could have had it been informed promptly that Hadaway would not and could not perform under the contract. United Drilling also had to incur a debt via a secured loan to cover its unpaid costs in the amount of $476,000.00. The interest on this debt is further consequential damages which directly resulted from Hadaway's breach. United Drilling seeks to recover the amounts it should have been paid under the terms of the Contract, as well as damages for lost opportunity directly cause by Hadaway's breach.

**Fraud and Deceit**

14. On January 5, 2023, United Drilling and Hadaway entered into the Contract under which Hadaway agreed to pay United Drilling for oil and gas well drilling services. After United Drilling drilled to roughly 5,000 feet, Hadaway instructed United Drilling to halt operations. Hadaway represented to United Drilling that this pause was temporary and that operations would later resume.

15. This representation was false. Hadaway induced United Drilling to keep its rig at the Well for nearly a month with promises of payment. This entire time Hadaway knew or should have known that neither it nor Seven Energy could pay United Drilling for its work. Moreover,

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                    PAGE 4 OF 6
F:\DOCS\1313\001\PLEAD\2133684.DOCX

Hadaway knew this representation was false at the time it instructed United Drilling to halt operations and continued to refuse to release the rig. Hadaway knew that Seven Energy did not have the funds to compensate it, which meant that Hadaway would not compensate United Drilling.

16. Hadaway's intentional and knowing false representation induced United Drilling to bring its rig to the Well and forgo other business opportunities by keeping it on location during this one-month period. United Drilling would not have brought in the rig if it knew that Hadaway was incapable of compensating United Drilling. Furthermore, United Drilling would have accepted other drilling engagements and moved the rig to another location with a paying customer if United Drilling knew Seven Energy did not have the funds to pay for United Drilling's services.

17. As a proximate result of Hadaway's misrepresentation, United Drilling has suffered damages in excess of $1,000,000.00.

## V. ATTORNEYS' FEES AND COSTS

18. The contract between the parties (in paragraph 23) explicitly allows the prevailing party to a suit between them to recover reasonable attorneys' fees and costs.

19. Plaintiff demands trial by jury per Fed. R. Civ. P. 38.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, United Drilling respectfully prays that Defendant be cited to appear and answer herein, and upon final hearing of the case judgment be entered for United Drilling against Defendant the following:

a) Compensatory damages of $563,547.76.

b) Consequential damages in an amount to be proven at trial.

c) Actual damages incurred as a result of Hadaway's fraud.

d) Exemplary damages on the basis of Hadaway's intentional or knowing acts.

e)  Prejudgment interest as provided by law.

f)  Reasonable and necessary attorneys' fees in an amount determined by the trier of fact.

g)  Post-judgment interest as provided by law, as applicable, from the date of judgment until paid.

h)  Costs of suit.

i)  Such other and further relief to which United Drilling may be entitled.

Respectfully submitted,

By: /s/ Patrick Weir

Patrick Weir
Bar No. 24060808
**MCCARN & WEIR, P.C.**
905 S. Fillmore St., Ste 530
Amarillo, TX 79101
(806) 350-5419 Telephone
(806) 350-5388 Facsimile
pweir@mwlawfirm.com

**ATTORNEY FOR PLAINTIFF
UNITED ENERGY DRILLING, INC.**

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                                    PAGE 6 OF 6
F:\DOCS\1313\001\PLEAD\2133684.DOCX